1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH DANNY PROPHET,

11          Plaintiff,                  No. CIV S-07-2099 GEB KJM PS

12      vs.

13   JON P. LIPPSMEYER, et al.,

14          Defendants.                 <u>ORDER</u>

15   _____/

16          By order filed October 15, 2007, plaintiff's complaint was dismissed with leave to

17   amend.  Plaintiff was granted an extension of time on November 14, 2007 to file an amended

18   complaint.  Plaintiff has now filed a document titled "motion to amend," which the court will

19   construe as an amended complaint and request for appointment of counsel.

20          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

21   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

22   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915(e)(2).

24          Plaintiff's November 16, 2007 "motion to amend," construed as an amended

25   complaint, is still utterly devoid of allegations against defendants Culhane and his associated law

26   firm.  In the amended complaint, plaintiff still complains of actions by defendant Lippsmeyer

1

undertaken in the context of this defendant's representation as appointed counsel of plaintiff in a criminal proceeding.  Plaintiff has previously been advised that such allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 321 (1981).

Plaintiff will be granted one final opportunity to file a second amended complaint. If plaintiff chooses to further amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court also construes plaintiff's November 16, 2007 filing as a request for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's November 16, 2007 filing, construed as an amended complaint, is

3    dismissed.

4    2.  Plaintiff is granted thirty days from the date of service of this order to file a

5    second amended complaint that complies with the requirements of the Civil Rights Act, the

6    Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

7    complaint must bear the docket number assigned this case and must be labeled "Second

8    Amended Complaint"; plaintiff must file an original and two copies of the second amended

9    complaint; failure to file a second amended complaint in accordance with this order will result in

10   a recommendation that this action be dismissed.

11   3.  Plaintiff's request for appointment of counsel is denied.

12   4.  Defendants need not file any responsive pleadings pending the court's review

13   of the second amended complaint and further order of the court.

14   DATED:  November 30, 2007.

15
     _____
16   006                                    U.S. MAGISTRATE JUDGE
     prophet2.lta

17

18

19

20

21

22

23

24

25

26

3